IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | Master Docket: Misc. No. 21-1230 |
| | MDL No. 3014 |
| This Document Relates to: Andrei G. Pagsisihan v. Konninklijke Philips, N.V., et al. | Case. No. 2:24-CV-1265 |

**MEMORANDUM OPINION**

Pending before the court is a motion for appointment of counsel (Civ. No. 24-1265, ECF No. 7) filed by plaintiff Andrei G. Pagsisihan ("Pagsisihan"), a pro se prisoner. The motion will be resolved without a response from the parties.

On September 17, 2024, the court granted Pagsisihan's motion to proceed in forma pauperis ("IFP"). Pagsisihan filed the pending motion for appointment of counsel on October 29, 2024. Attached to the motion were a letter from Pagsisihan dated January 18, 2024, in which he sought representation from the Prisoner's Rights Project, and a letter from a law firm in Baltimore, Maryland, dated April 12, 2024, in which the firm declined to represent him.

District courts may appoint counsel for financially eligible defendants. *See Tabron v. Grace*, 6 F.3d 147, 154-55 (3d Cir. 1993). Appointment of counsel is not mandatory in a civil case. As explained in *DeGenes v. Fed. Bureau of Investigation*, No. CV 20-971, 2020 WL 4925680 (W.D. Pa. Aug. 21, 2020):

> A civil litigant does not have a constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). The court cannot compel an attorney to represent [a civil plaintiff] or negotiate an attorney-client engagement on [a civil plaintiff's] behalf. Instead, the court would have to inquire whether an attorney was willing to represent him pro bono. The court of appeals has recognized that pro bono attorney time is a "precious commodity," and district courts should exercise care in appointing counsel. *Id.* at 499. Before appointing pro bono counsel, the court must screen the case for arguable merit and consider the "*Tabron* factors." *Id.* (citing *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993)).

*Id.* at *2.[1]

Before appointing counsel, the court must make a threshold finding that the claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the motion survives this threshold inquiry, the court considers a number of other factors: (1) the merits of the claim; (2) the movant's ability to present his case considering his education, literacy, experience, and the restraints placed upon him by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and his ability to pursue such investigation; (5) his capacity to retain counsel on his own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *Id.* at 155-56. The list of factors is not exhaustive and no factor is determinative. *Id.* at 157.

The court is unable to perform a threshold evaluation based on the information provided by Pagsisihan. In particular, the court cannot make a threshold finding about the arguable merits of any claim. Pagsisihan's complaint purports to assert a claim for personal injuries (ECF No. 6). The parties notified the court that they reached a private global settlement of the personal injury claims. The settlement agreement is available on the docket at ECF No. 2768. Pagsisihan provided no information about whether or not he is eligible for -- or participating in -- that settlement.

---

[1] To be clear, even if the court were to solicit an attorney to act pro bono, no attorney can be compelled by the court to represent an indigent person in a civil case. *DeGenes*, 2020 WL 4925680 at *2, and decisions cited therein.

In connection with the settlement, the court entered a docket management order (ECF No. 2769), an Identification Order (ECF No. 2770) and an Amended Identification Order (ECF No. 2828). Of potential relevance to the pending motion, the Amended Identification Order required "all Pro Se Eligible Claimants, to provide certain information no later than June 21, 2024." *Id.* Pagsisihan did not explain whether he complied with the Amended Identification Order. In sum, the court is unable to evaluate whether Pagsisihan's claims have any legal merit.

The court also needs additional information about the other *Tabron* factors. The court recognizes that Pagsisihan's status as an inmate will greatly limit his ability to litigate this case and that Pagsisihan has made at least some efforts to obtain a lawyer. On the other hand, Pagsisihan did not explain whether he contacted the plaintiffs' leadership team or the settlement administrator to seek assistance in participating in the settlement. As noted above, the court is unable to discern whether Pagsisihan is seeking counsel to litigate a separate personal injury case against defendants, or, in the alternative, is seeking counsel to assist with settlement claims. Pagsisihan did not explain the relevance of a TABE test score of 5.5.

In sum, the motion for appointment of counsel will be denied. In this civil case, the court cannot compel an attorney to represent Pagsisihan. The denial, however, will be without prejudice to Pagsisihan's ability to file a new motion that demonstrates why the court should solicit a volunteer to contribute the "precious commodity" of pro bono attorney time to assist him.

An appropriate order will follow.

BY THE COURT:

November 7, 2024

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge